UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID J. GHERITY,                                    Civil File No. 04-102 (JMR/JSM)

      Petitioner,

v.                                                  REPORT AND RECOMMENDATION

LORI SWENSON, Hennepin County
Probation and MICHAEL HATCH,
Minnesota Attorney General,

      Respondents.

_____

     David J. Gherity, 12600 Parkwood Drive, #206, Burnsville, MN 55337, Petitioner, pro se.

     Patrick Marzitelli, Minneapolis City Attorney, 333 South Seventh St., Minneapolis, Minnesota, 55402, for Respondents.

_____

JANIE S. MAYERON, United States Magistrate Judge

     This matter is before the undersigned Magistrate Judge of the District Court on a remand to District Court from Eighth Circuit Court of Appeals [Docket No. 28], Respondents' Motion to Dismiss [Docket No. 32], Petitioner's Motion to renew his February 23, 2004 motions [Docket No. 38], and Petitioner's Motion to Strike Respondent's Motion to Dismiss [Docket No. 49].

     The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1.  For the reasons discussed below, the Court concludes that the matters raised by the remand of this case to the District Court are moot [Docket No. 28], Respondent's Motion to Dismiss should be denied [Docket No. 32], Petitioner's

motion to renew his February 23, 2004 motions is denied in part and granted in part [Docket No 38], and Petitioner's Motion to Strike is denied [Docket No. 49].[1]

## I.     BACKGROUND

On December 19, 2000, charges were brought against Petitioner, David Gherity in Minnesota state court arising out of a physical altercation between Gherity, his girlfriend and his girlfriend's male neighbor.   The City of Minneapolis charged Gherity with one gross misdemeanor count of interference with an emergency call, four misdemeanor counts of assault in the fifth degree, and one misdemeanor count of disorderly conduct.

On June 20, 2001, the jury found Gherity guilty of the charges of misdemeanor disorderly conduct and fifth-degree assault.  Gherity was sentenced to 90 days in jail, with 75 days stayed for one year if he complied with the terms of his probation.   Imposition of the sentence was stayed pending Gherity's appeal.  On June 26, 2001, Gherity filed a Notice of Appeal with the Minnesota Court of Appeals.   In this appeal, Gherity challenged his fifth-degree assault and disorderly-conduct convictions, arguing that the district court violated (1) his due process rights to a fair trial and to present a complete defense, (2) his Sixth Amendment right to confront his accusers when it permitted a witness to testify despite the late disclosure that she would be called as a witness, and (3) his due process right to explain his aggressive conduct toward this witness. State v. Gherity, 2002 WL 1837912 at * 2 (Minn. App., Aug. 13, 2002), *review denied* (Oct. 29, 2002).   On August 13, 2002, the Court of Appeals affirmed Gherity's conviction.   Id. at *5. Gherity was sentenced again on September 9, 2002 and the court ordered Gherity to report to the adult correctional facility on September 23, 2002.

---

[1]      Petitioner's motion to renew his February 23, 2004 motions and Petitioner's Motion to Strike are nondispositive motions and could be addressed in an order.  However, as the facts and grounds for these motions are intertwined with the issues presented by the Eighth Circuit's remand of this case to the District Court and Respondents' Motion to Dismiss, this Court will address all motions in this Report and Recommendation.

On September 12, 2002, Gherity filed a petition for review of the Minnesota Court of Appeals' decision with the Minnesota Supreme Court. The Minnesota Supreme Court stayed the execution of his sentence pending its decision on his petition for review. On October 29, 2002, the Minnesota Supreme Court declined review of his petition.  On February 4, 2003, Judge Quaintance ordered Gherity to begin serving his sentence.

On May 13, 2003, Gherity filed a petition for post-conviction relief in Hennepin County District Court. In support of his petition, Gherity asserted discovery of newly discovered evidence of intentional prosecutorial misconduct and judicial bias, violations of Fifth, Sixth and Fourteenth Amendments including denial of a fair trial and sentencing, and denial of effective assistance of counsel.  See Docket No. 3, Ex. C.

On May 30, 2003, Gherity filed a motion for the recusal of Judge Quaintance, the Hennepin County District Court Judge assigned to review his petition for post-conviction relief and also the trial judge.  See Affidavit of Patrick Marzitelli ("Marzitelli Aff."), Ex. 1. On June 21, 2003, Gherity filed a motion for default on his petition for post-conviction relief. Id., Ex. 2. On June 23, 2003, his motion for recusal was denied. Id., Ex. 3. On June 24, 2003, Judge Quaintance sent a letter to Gherity and enclosed a copy of her Order denying recusal and instructed him to contact her office to set a date for his petition for post-conviction relief. Id, Ex. 4.  Gherity did not do that.  Instead, on July 16, 2003, Gherity filed another motion to remove Judge Quaintance. Id., Ex. 5. On August 13, 2003, the Chief Judge Kevin Burke, Hennepin County District Court, denied Gherity's second request for the removal of Judge Quaintance.  Id. There was no further action by Gherity, Respondents or the district court to set a hearing date for the petition for post-conviction relief. Id., Ex. 6.

On January 15, 2004[2], Gherity filed the instant Petition for Habeas Corpus under 28 U.S.C. §2254 seeking relief from his conviction and sentence for assault. [Docket No. 1].  In support of this Petition, Gherity asserted the following  grounds: (1) errors by the trial judge requiring disclosure of certain information prior to trial violated his Constitutional rights under the Fifth, Sixth and Fourteenth Amendments; (2) denial of his right to confrontation in violation of the Sixth and Fourteenth Amendments; (3) violation of his right to present a complete defense; (4) intentional prosecutorial misconduct; (5) ineffective assistance of counsel; and (6) denial of right to fair trial and due process in subsequent proceedings. [Docket No. 1]. On February 23, 2004, Gherity filed a motion for (1) a hearing on this matter; (2) leave of court to conduct discovery; (3) leave of court to expand the record to include additional materials not part of the official record; (4) pursuant to 18 U.S.C. § 3006A(g), appointment of counsel from the Federal Public Defender's Office to assist with discovery and hearing; (5) an order requiring Respondents to provide portions of the record necessary for the determination of the matter now before the Court; and (6) an order excusing the requirements of exhaustion of his habeas petition or, in the alternative, staying his habeas petition pending the resolution of the post-conviction petition. Id. [Docket No. 13].

In opposition to the Petition, Respondents asserted that Gherity had not exhausted his remedies in state court since he currently had a state court petition for post-conviction relief pending that sought the same relief as he was seeking in the instant habeas petition.  As such, Respondents argued that the proper place for Gherity's case was his pending state court petition

---

[2]    The Court notes that on the same day, January 15, 2004, the Minnesota Supreme Court issued a decision indefinitely suspending Gherity from the practice of law with no right to apply for reinstatement for a period of five years from the date of the decision as a result of his conviction in Hennepin County District Court of fifth-degree assault and disorderly conduct. See In re Disciplinary Action Against Gherity, 673 N.W.2d 474 (Minn. 2004).

and, therefore, the instant Petition should be dismissed.[3]  In response, Gherity conceded that he had not exhausted his state court remedies, but argued that this requirement should be excused since such remedies would be futile.  In support of this argument, Gherity stated such relief was futile because his state court petition for post-conviction relief had been pending for seven months without a decision.[4]

On July 8, 2004, Magistrate Judge Janie Mayeron issued a Report and Recommendation recommending dismissal of Gherity's habeas petition for failure to exhaust state remedies, and issued an Order denying as moot Gherity's motions. [Docket Nos. 16, 17].  The basis for the Report and Recommendation was that Gherity's petition for post-conviction relief – asserting the same grounds for relief and seeking the same remedy as the instant petition – was still pending in state court, and that the state courts should be given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. See Report and Recommendation, pp. 5-6. [Docket No. 17].  Judge James Rosenbaum adopted the Report and Recommendation on August 24, 2004.  [Docket No. 19].

Gherity filed for an appeal from the Order dismissing his habeas petition. [Docket No. 21].  On March 22, 2005, the United States Court of Appeals for the Eighth Circuit granted a certificate of appealability on the limited issue as the whether the District Court should have stayed Gherity's habeas petition pending exhaustion of state remedies. [Docket No 26].  Gherity was no longer in custody and his probation period had expired when the United States Court of Appeals for the Eighth Circuit granted this certificate of appealability.

---

[3]     Respondents also argued that Gherity's trial and conviction were not the result of unreasonable application of federal law or unreasonable interpretation of the facts.

[4]     Gherity also argued that the trial errors asserted in his Petition were a valid basis for the relief he seeks.

On June 6, 2005, counsel for Respondents, wrote to Judge Quaintance asking that she advise him of the procedural posture of Gherity's motion for post-conviction relief, and "specifically whether an order had been issued." Affidavit of David J. Gherity ("Gherity Aff.") dated June 21, 2007, Ex. 10. [Docket Nos. 51, 52]. Attaching a copy of the Report and Recommendation of this Court, counsel informed Judge Quaintance that Gherity had filed a federal habeas petition, which was dismissed on July 8, 2004, and that the Eighth Circuit had "granted a certificate of appealability as to whether the Federal District Court should have stayed the federal habeas petition, pending exhaustion of remedies." Id. Gherity was copied on this letter to Judge Quaintance. Id.

On August 29, 2005, Judge Quaintance issued a decision denying Gherity's post-conviction petition. See Order Denying Petition For Post-Conviction Relief, attached to Respondents' Memorandum in Opposition to Petitioner's Request for Leave to Renew Prior Motions. [Docket No. 45]. Gherity states that he was not given notice of this decision denying post-conviction relief "until long after his right to appeal the decision had expired." Gherity Aff., ¶ 5.[5] [Docket No. 51]. To date, Gherity has never appealed the decision denying his petition for post-conviction relief.

On March 10, 2006, the United States Court of Appeals for the Eighth Circuit reversed the United States District Court's dismissal of Gherity's petition. [Docket No. 28]. Based on the United States Supreme Court's holding in Rhines v. Weber, 544 U.S. 269 (2005), and its own decisions Akins v. Kenney, 410 F.3d 451, 453-56 (8th Cir.2005) and Rhines v. Weber, 409 F.3d 982, 983 (8th Cir.2005), the Eighth Circuit remanded the case back to the District Court to

---

[5]    In his Memorandum of Law dated June 21, 2007, Gherity stated that he was not aware of the decision until the court mailed to him, at his request, on July 19, 2006. See Docket No. 50, p. 24. According to the case history from Hennepin County District Court, a certified copy of Judge Quaintance's decision was sent to Gherity on July 10, 2006. See Marzitelli Aff., Ex. 6, p. 10.

determine whether Gherity had good cause for failing to exhaust each claim in his petition for post-conviction relief, whether such unexhausted claims are potentially meritorious, and whether Gherity engaged in abusive litigation tactics. Id.; see also, Gherity v. Swenson, 173 Fed.Appx. 532 at *1 (8th Cir., March 10, 2006). In reaching its decision, the appellate court noted "[b]ecause Mr. Gherity completed his sentence after he filed his federal habeas petition, if a stay is not granted, the state court's delay will have deprived him of the opportunity to challenge his criminal conviction." Id. at *1.  There was no mention in this decision nor any evidence in the record to suggest that Gherity or Respondents ever notified the Eighth Circuit of Judge Quaintance's decision to deny the petition for post-conviction relief.

On May 14, 2007, Respondents filed a motion to dismiss all of Gherity's claims.

On May 16, 2007, Gherity filed a motion to renew his February 23, 2004 motions and requested that the Court grant him an evidentiary hearing.

On June 25, 2007, Gherity filed a motion to strike Respondent's Motion to Dismiss.

On July 18, 2007, this Court issued an Order setting forth the briefing schedule for the parties to respond to Respondents' Motion to Dismiss, and Gherity's motion to renew his earlier motion and Motion to Strike Respondents' Motion to Dismiss.  The parties have now fully briefed all motions, and they are ripe for decision.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs a federal court's review of habeas corpus petitions filed by state prisoners.  Section 2254 of the AEDPA provides that a district court will entertain a petition for writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  In addition, 8 U.S.C. § 2254 provides that a habeas corpus petition:

shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), the writ may be granted if the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decided a case differently than the Supreme Court has on a set of materially indistinguishable facts.  See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (*citing* Williams v. Taylor, 529 U.S. 362 (2000)).  The phrase "clearly established law" means "the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision. Taylor, 529 U.S. at 412.

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identified the correct governing legal principle, but unreasonably applied that principle to the facts of the prisoner's case.  See Copeland, 232 F.3d at 973.  It is not enough that the state court decision applied clearly established law erroneously, the application must also be unreasonable.  Taylor, 529 U.S. at 411.  The test is an objective one. Id. at 409.

Therefore, "[a] federal court may not grant a petition under 28 U.S.C. § 2254 unless the court concludes that the state court adjudication of the claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000) (*citing* 28 U.S.C. § 2254(d);

Williams, 529 U.S. at 362).  Under this standard, the federal court "must deny a writ - even if we disagree with the state court's decision - so long as that decision is reasonable in view of all the circumstances."  May v. Iowa, 251 F.3d 713, 716 (8th Cir. 2001) (citing Williams, 529 U.S. at 409-13).

A petitioner must exhaust his state court remedies before presenting claims in a federal habeas petition, and does so by fairly presenting his federal constitutional claims to the highest available state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).  A federal claim is fairly presented when the petitioner refers to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.  McCall v. Benson, 114 F.3d 754, 757 (8th Cir.1997).

If a petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted.  A claim is unexhausted if the claim has not been fairly presented in one complete round of the State's established appellate review process, O'Sullivan, 526 U.S. at 845, but the petitioner has the right, under state law, to raise the claim by any available procedure.  28 U.S.C. § 2254(c).

A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim.  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Federal habeas review is then barred unless the prisoner can demonstrate cause and prejudice for the default, or that the failure to consider the claims will result in a fundamental miscarriage of justice.  Id.  Prejudice need not be considered where petitioner has failed to fulfill the cause prong of the test.  McCall, 114 F.3d at 758.  The miscarriage of justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person.  Id.  If the exceptions do not apply, the

procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim.  Carney v. Fabian, 441 F.Supp.2d 1014, 1029 (D.Minn. 2006).

## III.    RESPONDENTS' MOTION TO DISMISS

In their initial moving papers [Docket No. 34], Respondents argued that all of the claims asserted in Gherity's habeas petition should be dismissed because, pursuant to the Supreme Court's decision in Rhines, Gherity had not met the criteria for a stay of his habeas case.  The essence of Respondents' argument was this: Gherity claimed it was futile to exhaust state court remedies because his state court petition for post-conviction relief had been pending for seven months without a decision.  Respondents' position was that the delay in obtaining a decision on his post-conviction petition was caused by Gherity.  After filing his petition for post-conviction relief on May 13, 2003, Gherity filed a motion for recusal of Judge Quaintance on May 30, 2003, Judge Quaintance denied that motion on June 23, 2003, and the next day directed Gherity to contact her office to schedule the hearing on the petition. Gherity did not do that.  Instead, on July 16, 2003, Gherity filed another motion to remove Judge Quaintance with Hennepin County Chief Judge Burke, which Chief Judge Burke denied on August 13, 2003.  At that point, rather than contacting Judge Quaintance to schedule the hearing on the petition for post-conviction relief, Gherity did nothing.  He waited until January 15, 2004, seven months after he had been told to contact the court to set a hearing date for his post-conviction petition, and filed his habeas petition.  Thus, it was Respondents' position that:

> Petitioner filed a habeas petition in federal court not because he exhausted his state court remedies, but because he could not remove the judge assigned to hear his state petition for post-conviction relief. The Petitioner would have this Court believe the reason for his federal filing was because the state was nonresponsive. The Hennepin County Court record indicates the opposite.  Petitioner refused to set a hearing date as directed by the state court because he could not remove the judge assigned to her his petition for post-conviction relief. Instead of invoking one complete round of the states' appellate review process, Petitioner abandoned his petition for post-conviction relief in the lower state courts for seven months depriving himself of the opportunity to challenge his criminal conviction.

> Petitioner then filed in federal court [twenty days before his probation was to end]
> making no attempt to exhaust his state court remedies.

Respondents' Memorandum in Support of Motion to Dismiss, pp. 6-7, 8. [Docket No. 34].

Based on this conduct, Respondents maintained that Gherity was not qualified for a stay of the habeas petition because there was no good cause for his failure to exhaust his claims in state court. Id., pp. 7-8.

Respondents also argued in their initial motion papers that a stay was not warranted based on the other factors set out by the Eighth Circuit in its decision to remand the case back to the District Court, i.e. Gherity's claims lacked merit and he had engaged in abusive litigation tactics. See Rhines v. Weber, 544 U.S. 269 (2005).

In Respondents' subsequent submissions to this Court (filed in response to Gherity's motions to renew his earlier motions and to strike the motion to dismiss), Respondents raised two additional reasons why a stay was not appropriate. First, they argued that there was no point in granting a stay of the habeas petition because exhaustion would never be possible. On August 29, 2005, Judge Quaintance denied Gherity's petition for post-conviction relief. Pursuant to Minnesota Rules of Criminal Procedure 28.02, subd. 4(3), he had 60 days from entry of this Order to file his appeal to the Minnesota Court of Appeals, but never did so. Thus, Respondents reasoned that even if this Court were to grant a stay, it would serve no purpose, as Gherity could never exhaust his remedies in state court and his state claims were procedurally defaulted. Respondents' Memorandum in Opposition to Petitioner's Request for Leave to Renew Prior Motions, p. 3 [Docket No. 45]; Respondents' Response to Petitioner's Motion to Renew Prior Motion and Petitioner's Motion to Strike Respondents' Motion to Dismiss, pp. 4, 7, 8, 11 [Docket No. 56].

Second, Respondents contended that even if this Court were to grant the stay, the Court could ultimately grant no relief under the habeas petition because Gherity's sentence expired on

February 4, 2004, and he is no longer in custody.  Respondents' Response to Petitioner's Motion to Renew Prior Motion and Petitioner's Motion to Strike Respondents' Motion to Dismiss, pp. 19-20.  [Docket No. 56].  Consequently, it was Respondents' position that pursuant to 28 U.S.C. § 2254, as Gherity is no longer in custody in violation of the Constitution or laws or treaties of the United States, he can no longer seek relief under the statute.  Id., p. 19.

Gherity's response to Respondents' various arguments in support of their motion to dismiss were as follows:

First, he moved to strike Respondents' motion to dismiss on grounds that it was not an appropriate pleading in response to a habeas petition.  Petitioner's Memorandum of Law, pp. 26-27.  [Docket No. 50].

Second, Gherity argued that Respondents' opposition to a stay of the proceedings and for dismissal for failure to exhaust state court remedies is moot in light of the trial court's decision on the post-conviction petition.  Id., 27-28.

Third, as to his failure to timely appeal Judge Quaintance's decision denying his petition for post-conviction relief and Respondents' argument that he had procedurally defaulted on his unexhausted claims, Gherity stated that he was not aware of Judge Quaintance's decision until the court mailed it to him, at his request, on July 19, 2006, which was "long after his right to appeal the decision had expired."  Id. p. 24; Gherity Aff., ¶ 5 [Docket No. 51]; see also Petitioner's Reply to Respondents' Response, p. 4.  [Docket No. 66].  Gherity also indicated that Respondents never provided him with notice of the decision, despite the fact that they have been in constant communication throughout these proceedings and have always had his correct address.  Petitioner's Reply to Respondents' Response [Docket No. 66], p. 5.  Based on these facts and that Respondents raised their procedural default defense for the first time in their responses to his motions, Gherity submitted that Respondents had waived the defense and should

be barred from raising it on this basis, and on the equitable principal of laches. Id., pp. 4-5. In addition, Gherity argued that it would be unfair to conclude that he had procedurally defaulted on his post-conviction claims because of the fault and inaction of Respondents. Id., p. 5. Finally, Gherity submitted that the failure to receive notice of the post-conviction decision constituted good cause and excused any procedural default. Id., p. 5.

Fourth, with respect to Respondents' argument that habeas relief cannot be afforded to Gherity at this date because he is no longer in custody, Gherity maintained that the custody requirement was met because he was in custody at the time he filed his habeas petition, and because he "is presently being deprived of his liberty by reason of a five-year suspension of his lawyer's license based solely upon his misdemeanor conviction." Id. p. 6.

### A.     Remand by Eighth Circuit

At the time this case was remanded to the District Court, the Court of Appeals believed that Gherity's post-conviction petition was still pending in the state court system, and sought to have this Court determine whether his habeas petition should be put on hold while Gherity completed the process of exhausting that petition. However, at the time the Eighth Circuit issued its decision, no one had apprised the court that a decision on Gherity's post-conviction petition had been issued by Judge Quaintance on August 29, 2005, and that she had denied his motion. Nor did any party inform the Eighth Circuit while Gherity's appeal to that court was pending, that he had never appealed Judge Quaintance's decision to the Minnesota Court of Appeals or the Minnesota Supreme Court. Therefore, this Court must first consider the impact of Judge Quaintance's decision and Gherity's failure to appeal it on the remand of this case back to this Court.

This Court concludes, as Gherity argues, that the premise upon which the remand to this Court rested is now moot based on the fact that the decision on the post-conviction petition has

been issued.  The whole purpose of the remand was for this Court to determine whether Gherity's habeas petition should be stayed and thus, preserved, while his post-conviction petition made its way through the state court system.  Now that a decision has been rendered on that petition and there was no appeal, there is no reason for entertaining a stay, as there is nothing more that Gherity can do to challenge the decision in the state courts.  <u>See</u> Section III.B., <u>infra</u>. Accordingly, to the extent that Respondents' Motion to Dismiss was based on the factors that the Eighth Circuit asked this Court to address to determine if Gherity met the requirements for a stay, their motion should be denied as moot.

Nevertheless, having reached that conclusion, this Court must still address the other two arguments raised by Respondents in support of their Motion to Dismiss, <u>i.e.</u> that Gherity's habeas petition should be dismissed because (1) he failed to exhaust his remedies in state court and can never do so, and as such, his state claims are procedurally defaulted; and (2) pursuant to 28 U.S.C. § 2254, because Gherity is no longer in custody, he can no longer seek relief under the statute.

### B.    Exhaustion and Procedural Default

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless he has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); <u>O'Sullivan</u>, 526 U.S. at 842. To exhaust his state court remedies, a prisoner must present all of his claims to the highest available state court before seeking federal relief. <u>Id.</u> at 845 (1999).  Here is it evident that Gherity did not exhaust all available state court remedies in connection with his post-conviction motion, and that he cannot.

Under Minnesota Rules of Criminal Procedure, a petitioner must appeal a final order in a post-conviction proceeding within 60 days after entry of that order.  Minn. R. Crim Proc. R. 29.03, subd. 3. An extension of 30 days may be granted for good cause.  In <u>Ford v. State</u>,

690 N.W.2d 706 (Minn. 2005), the court held that even when a party has not received notice of

entry of an order, the court will not extend the time for an appeal. Id. at 709.  The court stated:

> Ford argues that we should consider his untimely appeal because he alleges that
> he did not receive notice of the entry of the postconviction court's order denying
> his third petition. We have held, however, that the time requirements for the filing
> of an appeal are jurisdictional. See, e.g., State v. Parker, 278 Minn. 53, 55, 153
> N.W.2d 264, 266 (1967). Even when a party has not received notice of the entry
> of an order, the court has not extended the time for appeal. See Tombs v.
> Ashworth, 255 Minn. 55, 62, 95 N.W.2d 423, 428 (1959) (holding that failure of
> the clerk to comply with Rule 77.04 requiring service of notice of entry of
> judgment does not extend the time for appeal); State v. Scott, 529 N.W.2d 11, 12
> (Minn.App.) (stating that the court cannot extend the time to appeal even when
> defendant did not have notice of entry of the order), rev. denied (Minn. March 14,
> 1995); accord United States v. Robinson, 361 U.S. 220, 229-30, 80 S.Ct. 282, 4
> L.Ed.2d 259 (1960) (filing of notice of appeal in criminal case after expiration of
> time prescribed did not confer jurisdiction of the appeal even though the later
> filing was the result of excusable neglect). Accordingly, we hold that we lack
> jurisdiction over Ford's untimely appeal from the denial of his third
> postconviction petition.

Id.

Consequently, because Gherity never appealed the post-conviction decision, the Court

finds that he did not exhaust his state court remedies.  Further, because Gherity has no other

recourse in state court, these unexhausted claims are now procedurally defaulted.  Federal habeas

review is then barred unless the prisoner can demonstrate cause and actual prejudice for the

default, or that the failure to consider the claims will result in a fundamental miscarriage of

justice. Coleman, 501 U.S. at 750.

Gherity does not assert that the failure to consider his claims will result in a fundamental

miscarriage of justice, i.e. that a constitutional violation has probably resulted in the conviction

of an innocent person.  See McCall, 114 F.3d at 758.  Rather, he asserts that his failure to timely

appeal the post-conviction decision should be excused because it was caused by the untimely

notification of the decision.  "'[C]ause' under the cause and prejudice test must be something

external to the petitioner, something that cannot fairly be attributed to him. . . . For example, 'a

showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials' ... made compliance impracticable, would constitute cause under this standard.'" <u>Coleman</u>, 501 U.S. at 753 (citations omitted).  "To demonstrate prejudice, a petitioner must show, 'not merely that the errors at his trial created a <u>possibility</u> of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" <u>Thomas v. Norris</u>, 2007 WL 2351002 at *9 (E.D. Ark. 2007) (<i>quoting</i> <u>U.S. v. Frady</u>, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982) (emphasis in original); citing <u>Carroll v. Schiro</u>, 243 F.3d 1097, 1102 (8th Cir. 2001)); <u>Ivy v. Caspari</u>, 17s3 F.3d 1136, 1141 (8th Cir. 1999) (same); <u>Jennings v. Purkett</u>, 7 F.3d 779, 782 (8th Cir. 1993) (same).

This Court concludes that Gherity has demonstrated cause for his failure to appeal the post-conviction decision.  First, the Court has no evidence before it to suggest that the failure of Gherity to receive Judge Quaintance's post-conviction decision was due to him.  In fact, the Court has no evidence before it to establish the decision was indeed sent to him.  Further, given that neither Respondents nor Gherity notified the Eighth Circuit of the post-conviction decision while they had Gherity's appeal under advisement, it is reasonable for this Court to assume that that neither party was sent a copy of it by Hennepin County.  Thus, this Court finds that Gherity's failure to perfect a timely appeal to the Minnesota Court of Appeals was caused by events external to him and that these events cannot fairly be attributed to him.

However, whether the errors alleged by Gherity in his post-conviction motion and habeas petition rise to the level of actual prejudice required to establish the second prong for establishing excuse from a procedural default, this Court concludes that it does not have an adequate record to evaluate this factor. This is because Respondents did not produce all of the records from the underlying proceedings in response to Gherity's habeas petition.  <u>See</u> Section IV.E, <u>infra</u>.  Therefore, this Court recommends denying Respondents' motion to dismiss on

grounds Gherity has procedurally defaulted on his appeal of the post-conviction decision. Once this Court receives the records ordered in Section IV.E of this decision, it will determine whether or not Gherity has met the actual prejudice prong of the cause and prejudice test to permit the review of his habeas petition on its merits.

For all of these reasons, this Court finds that while Gherity failed to exhaust his post-conviction petition in state court, it cannot determine based on this record, whether the procedural default should or should not be excused. Therefore, Respondents' motion to dismiss his claims on these grounds should be denied at this time.

### C.    Custody

According to 28 U.S.C. § 2254(a), one must be in custody in order to file for habeas relief. This section states: "[the] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). So long as the petitioner is in custody under the challenged conviction at the time the petition is filed, the custody requirement is satisfied. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968); Beets v. Iowa Dept. of Corrections Services, 164 F.3d 1131, 1133 n. 2 (8th Cir.1999) (custody requirement met even though petitioner released during pendency of habeas petition). To be in custody, the petitioner need not be physically confined in order to challenge his sentence. Maleng v. Cook, 490 U.S. 488, 491 (1989). Accordingly, "a prisoner who had been placed on parole [is] still 'in custody' under his unexpired sentence." Id. citing Jones v. Cunningham, 371 U.S. 236, 242, 83 S.Ct. 373, 376-377, 9 L.Ed.2d 285 (1963). Additionally, even in the situation where a petitioner who "filed his habeas application while he was actually incarcerated under the sentence he sought to attack, but his sentence expired and he was unconditionally discharged from custody while his appeal from the denial of habeas relief

below was pending before this Court", the "'collateral consequences' of the petitioner's conviction – his inability to vote, engage in certain businesses, hold public office, or serve as a juror – prevent[s] the case from being moot." Id., *citing* Carafas, 391 U.S. 234, 237-238. "Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.'" Carafas, 391 U.S. at 239 (citation omitted).

Based on these principles, Respondents' custody challenge fails.  At the time Gherity filed this habeas action, he was still on probation.  Additionally, on the same day he filed the Petition, he was suspended indefinitely from the practice of law with no right to apply for reinstatement for a period of five years by the Minnesota Supreme Court as a result of his conviction.  See In re Disciplinary Action Against Gherity, 673 N.W.2d 474 (Minn. 2004).  This collateral consequence of his conviction constitutes a serious disability which "[h]e is suffering, and will continue to suffer, . . . because of the law's complexities and not because of his fault, if his claim that he has been illegally convicted is meritorious." Carafas, 391 U.S. at 237.

For all of these reasons, this Court concludes that Gherity met the custody requirement for the purpose of commencing this habeas action, and Respondents' motion to dismiss his Petition on this basis is rejected.

In summary, this Court recommends denial of Respondents' Motion to Dismiss.  The basis for the remand by the Eighth Circuit is now moot; Gherity was in custody at the time he filed his habeas petition; and Respondents have not established on this record that he should not be excused from the procedural default of his appeal of the post-conviction petition.

## IV.  PETITIONER'S MOTION TO STRIKE

Gherity moved this court to strike Respondents' Motion to Dismiss on grounds that it is not contemplated by the Rules governing habeas corpus procedures in the District Court.  This

motion is denied.   Rule 11 of the Rules Governing Section 2254 Cases in the United States

District Courts ("Habeas Rules") provides that the "Federal Rules of Civil Procedure, to the

extent that they are not inconsistent with these rules, may be applied, when appropriate, to

petitions filed under these rules."   Fed.R.Civ.P. 81(a)(2) states that "[t]hese rules are applicable

to proceedings for ... habeas corpus ... to the extent that the practice in such proceedings is not set

forth in statutes of the United States [or] the Rules Governing Section 2254 Cases ... and has

heretofore conformed to the practice of civil actions."   Motions to dismiss habeas petitions on

procedural grounds pursuant to Rule 12(b)(6) are not inconsistent with the Habeas Rules, given

the wide discretion afforded district judges in the disposition of habeas petitions. See McLeod v.

Muscicki, 2003 WL 22427757 at *3 (S.D.N.Y. Oct. 2003) ("Motions to dismiss habeas petitions

on procedural grounds pursuant to Rule 12(b)(6) are proper under the 2254 Rules") (citations

omitted).

In addition, a motion to strike a motion to dismiss is not permitted by the Federal Rules

of Civil Procedure.   Under Federal Rule of Civil Procedure 12(f), a court may "order stricken

from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter."   Pleadings are defined by Federal Rule of Civil Procedure 7 as "a complaint

and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the

answer contains a cross-claim; a third-party complaint . . . and a third-party answer. . . ."

Fed.R.Civ.P. 7(a).   A motion, such as a motion to dismiss and its related materials, is not a

pleading for the purposes of Rule 12(f) and therefore, Rule 12(f) does not apply.   See Watkins v.

New Castle County, 374 F.Supp.2d 379, 394 (D. Del. 2005) ("Rule 12(f) applies only to

pleadings, not motions and related documents.") (string citation omitted); Murphy v. Yates,

CIV.A. 05-2552, 2005 WL 2989630 at *1 (E.D. Pa. Aug. 08, 2005) ("A motion, such as

Defendant's Motion to Dismiss, is not a pleading. Consequently, Rule 12(f) does not apply to

- -

Defendants' Motion"); <u>Hrubec v. National R.R. Passenger Corp.</u>, 829 F. Supp. 1502, 1506 (N.D.Ill.1993) (Aspen, J.) (motion to strike and memorandum in support thereof are not "pleadings").  The proper vehicle for addressing Respondents' motion to dismiss is in the response to Respondents' motion – it is not a basis for striking the motion.

Finally, the Court observes that as a practical matter, Respondents' Motion to Dismiss for the most part, does nothing more than raise the issues that were the subject of the remand by the Eighth Circuit.  For all of these reasons, Gherity's Motion to Strike Respondent's Motion to Dismiss is denied.

## V.    PLAINTIFF'S MOTION TO RENEW HIS PRIOR MOTIONS

On February 23, 2004, shortly after he commenced this action, Gherity filed a motion seeking the following (1) a hearing on this matter; (2) leave of court to conduct discovery; (3) leave of court to expand the record to include additional materials not part of the official record; (4) appointment of counsel from the Federal Public Defender's Office to assist with discovery and hearing; (5) an order of the Court requiring Respondents to provide portions of the record necessary for the determination of the matter now before the Court; and (6) an order of the Court excusing the requirements of exhaustion of Gherity's habeas petition for post-conviction relief or, in the alternative, staying his habeas petition pending the resolution of the post-conviction petition.  <u>See</u> Docket No. 13.  Gherity has now brought a motion to renew his February 24, 2004 motions.  [Docket No. 38].

### A.  <u>Motion for a Hearing</u>

Section 2254(e)(2) provides:

[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
          (A) the claim relies on–

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. §2254

The Court will not hold an evidentiary hearing unless Gherity has made the requisite showing under 28 U.S.C. § 2254(e)(2)(A) and (B).  Here, Gherity stated that "good cause exists for an evidentiary hearing because [he] was denied the opportunity to present evidence necessary for a fair determination of the issues at the trial court level."  Affidavit of Gherity dated April 15, 2007, ¶7.  [Docket No. 39].  In essence, Gherity alleges that an evidentiary hearing should be held because the facts were not fully and fairly developed in state court.  Such argument, without any evidence of what he would have presented to the trial court at a hearing in connection with his post-conviction petition, does not establish any of the exceptions set out in 28 U.S.C. § 2254(e)(2)(A) and (B).  For all of these reasons, the Court denies Petitioner's motion for a hearing.

### B.  Leave of Court to Conduct Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Rule 6 (a) and (b) of the Habeas Rules provides in relevant part:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.
>
> * * *

(b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Thus, under <u>Bracy</u>, good cause must be shown by reason to believe that the petitioner may be able to demonstrate that they are entitled to relief if the facts are fully developed. <u>Bracy</u>, 520 U.S. 899 at 908-09. "A petitioner may show good cause by presenting 'specific allegations' that give the court 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief.'" <u>Renis v. Thomas</u>, 2003 WL 22358799 at *1 (S.D.N.Y., 2003) (<i>citing</i> <u>Bracy</u>, 520 U.S. at 908-909 (<i>quoting</i> <u>Harris v. Nelson</u>, 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)). "Generalized statements regarding the possibility of the existence of discoverable material cannot yield 'good cause.'" <u>Renis,</u> 2003 WL 22358799 at *1 (<i>quoting</i> <u>Gonzalez v. Bennett</u>, 2001 WL 1537553, at *4 (S.D.N.Y. Nov.30, 2001)). The court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his or her habeas corpus petition. <u>Id.</u>

Here, Gherity made no showing to support a request for discovery. Gherity did not advise the court what discovery he needed or why he was unable to present this evidence in his submission to the post-conviction court. All Gherity stated in support of his request for discovery was that "good cause exists for discovery and expansion of the record in the instant case because the record is incomplete and inadequate and I was denied the opportunity to present relevant evidence at the trial court level." Gherity Aff., ¶ 8. [Docket No. 39]. Such general statements do not meet the requirements of Rule 6. Gherity's motion for discovery is denied.

### C.  <u>Motion to Expand the Record</u>

Under Rule 7(a) of the Habeas Rules ". . . the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Gherity has neither stated what information he would like to provide to this Court that he was unable to submit to the post-

- -

conviction court, nor has he explained why he could not have presented such evidence to the trial

court in connection with his post-conviction petition.  This Court reminds Gherity that its task is

to determine if "the state court adjudication of the claim 'resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by

the [United States] Supreme Court . . or . . . resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.'"  Lee, 222 F.3d at 442 (citing 28 U.S.C. 2254(d); Williams, 529 U.S. at 362).  As a

general rule, this determination is based on what was before the state court that lead to its

adjudication.  To allow Gherity to expand the record would not only undermine the state court's

fact-finding procedures, but such relief is at odds with the purpose of the exhaustion requirement

which is to ensure that state courts are given the first opportunity to correct alleged federal

constitutional errors raised by individuals in state custody.  Duncan v. Henry, 513 U.S. 364, 365-

66 (1995) (per curiam); O'Sullivan, 526 U.S. at 845; Rose v. Lundy, 455 U.S. at 518-19; Victor

v. Hopkins, 90 F.3d 276, 280 (8th Cir. 1996) (finding that "the exhaustion requirement is

'grounded primarily upon the respect federal courts have for the state judicial processes and upon

the administrative necessities of the federal judiciary'") (citations omitted).

Gherity's request to expand the record is denied.

### D.  Appointment of Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a

civil case."  Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) (citations omitted); see also

McCall, 114 F.3d at 756 ("there is neither a constitutional nor statutory right to counsel in habeas

proceedings; instead, it is committed to the discretion of the trial court.").  Nevertheless, pursuant

to 18 U.S.C. § 3006A(a)(2)(B)[6], when a court "determines that the interests of justice[7] so require, representation may be provided for any financially eligible person" who is seeking relief under 28 U.S.C. § 2254.  Under 28 U.S.C. § 1915(e)(1), this Court may request counsel to represent a pro se litigant who has been granted in forma pauperis status in a civil case.  The decision to appoint counsel in civil cases "is committed to the discretion of the trial court."  McCall, 114 F.3d at 756 (citing Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987); Williams v. Missouri, 640 F.2d 140, 144 (8th Cir. 1981)); see also In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986) (citations omitted).

Central to the exercise of the court's discretion to appoint counsel in a civil case is a determination by the court "that the nature of the litigation is such that the plaintiff as well as the court will benefit from the assistance of counsel."  Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (concluding that a "district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel").  In exercising this discretion, the court must carefully weigh the "factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel."  McCall, 114 F.3d at 756 (citations omitted); see also Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (concluding there are several factors guiding a district court's decision to appoint counsel including the complexity of the case and the ability of the plaintiff to present his or her case without counsel).

---

[6]     Gherity sought appointment of counsel pursuant to 18 U.S.C. § 3006A(g).  This statute governs establishment of the federal public defender's office in districts. It has no bearing on appointment of counsel.

[7]     The interests of justice require appointment of counsel when the court holds an evidentiary hearing.  See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 2003); see also Rule 8 of the Habeas Rules (requiring the appointment of counsel if an evidentiary hearing is warranted). However, this Court has determined that an evidentiary hearing is not necessary in this case.

After weighing the relevant factors, the Court concludes that appointment of counsel is not warranted in this case. As a preliminary matter, the Court notes that Gherity has not been granted in forma pauperis status in this case. Nor has he presented to this Court any information to evaluate his financial situation to determine whether he qualifies for the appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). Further, the issues presented by this habeas petition are uncomplicated, both legally and factually, and do not present novel or complex legal arguments. While Gherity states he seeks appointment of "experienced counsel [to] expedite matters before the court, resolve issues prior to the hearing and assist with the presentation of the case", (Gherity Aff., ¶ 6) [Docket No. 39]), a review of his submissions satisfies this Court that he is more than capable of articulating his claims and arguing his position.

For all of these reasons, Gherity's request for appointment of counsel is denied.

### E.  Order of the Court Requiring Respondent to Provide Portions of the Record

Gherity has requested the Court to order the Respondent to provide portions of the record. The Court has reviewed the information provided by Gherity and Respondents and has concluded that it is missing certain portions of the record that bear both on the merits of Gherity's Petition and the Court's ability to determine whether he has suffered actual prejudice from his procedural default on the appeal of the post-conviction petition decision. Therefore, the Court grants Gherity's request and order that Respondents produce to the Court the following records within two weeks from the date of issuance of this Order:

1.  Transcripts and submissions of the parties of pretrial proceedings that bear on the issues raised by Gherity in his habeas corpus action.

2.  The State's brief and appendix of exhibits to the Court of Appeals and to the Minnesota Supreme Court in connection with Gherity's direct appeal.

3.    The State's submission in response to the Petition for Post-Conviction Relief with Exhibits.

Upon receipt of these additional materials, this Court will then examine the issue of whether Gherity should be excused from the procedural default of his appeal of the post-conviction petition decision, and if it determines he should be excused from the procedural default, it will then address the merits of Gherity's habeas petition.

### F.  Order Excusing Requirements of Exhaustion

Gherity sought an order excusing the requirements of exhaustion of habeas petition for post-conviction relief or, in the alternative, staying his habeas petition pending the resolution of the post-conviction petition. For the reasons expressed in Section III.A, supra, the request for a stay should be denied as moot.  As to Gherity's request that he be excused from the requirements of exhaustion, that request is denied at this time.  As stated in Section III.B, supra, until this Court receives those records that will bear on the issue of prejudice, it cannot determine whether or not Gherity's procedural default should be excused

## VI.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.    The stay and abeyance issue directed by Eighth Circuit Court of Appeals in its remand to the District Court [Docket No. 28] be deemed moot;

2.    Respondents' Motion to Dismiss [Docket No. 32] be DENIED;

3.    Petitioner's Motion to renew his February 23, 2004 motions [Docket No. 38] is DENIED in part and GRANTED in part;

4.      Petitioner's Motion to Strike Respondent's Motion to Dismiss [Docket No. 49] is

DENIED.


Dated:   February 20, 2008.

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 4, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.